The J. I. Case Threshing Machine Company v.
George W. Mitchell et al.

74 679
81 524

*Mortgages — Foreclosure — Prior and junior incumbrances — Inter-
mediate purchaser.*

1. Where a husband mortgaged *his* farm to secure *his* debt, and
afterwards conveyed the north 45 acres, which included the
homestead, to his wife, with the usual covenants of warranty,
which deed was duly recorded, after which he mortgaged the
south 35 acres to secure a debt of his own, his wife joining in
*both* mortgages, in a contest between the two mortgagees and
the wife, growing out of the attempted foreclosure of *both*
mortgages, the general rule will be applied, and the south 35
acres sold before resorting to the north 45 acres.

2. Covenants of warranty in a deed by a mortgagor of a part of
the mortgaged premises indicate his intent to first charge the
unsold portion with the payment of the mortgage.

3. The grantee of a portion of mortgaged premises, who is made a
defendant in a suit to foreclose a *second* mortgage on the
remainder of the land, in which the complainant seeks to sub-
ject the land so sold to sale under the first mortgage before
resorting to the unsold portion, and who claims a contrary
order of sale in her answer, which is decreed, is entitled to
reasonable costs (in this case $25).

4. A mortgagee who is lawfully proceeding to a foreclosure by
advertisement, which is enjoined by a second mortgagee of a
portion of the land, is entitled to recover, as costs, the expenses
incurred in such advertising, which have been lost by reason
of the injunction suit.

Appeal from Huron. (Beach, J.) Argued April 5,
1889. Decided April 24, 1889.

Bill to foreclose a mortgage, and to restrain a statutory
foreclosure of a prior mortgage. Complainant appeals.
Decree modified and affirmed. The facts are stated in
the opinion.

*Voorheis & Hovey,* for complainant, contended:

1. The question is simply one of priority of liens, in the determination of which the rule must be so applied as to protect and not destroy equities; citing *Mason v. Payne,* Walk. Ch. 459; *In re Wisner's Estate,* 20 Mich. 450; *Slater v. Breese,* 36 Id. 77; *Southworth v. Parker,* 41 Id. 198.

2. Mrs. Mitchell signed both mortgages, and her equities in any portion of the 80 acres are not greater than those of the mortgagees, and she is estopped from assuming any position that will tend to depreciate or destroy the rights and equities created by such mortgages. An application of the rule contended for will not deprive Mrs. Davidson of any substantial right, but only oblige her to so enforce her lien as to protect subsequently acquired interests; citing *Sibley v. Baker,* 23 Mich. 312; *Bank v. Truesdail,* 38 Id. 440; *Bank v. Roop,* 80 N. Y. 591; *Hopkins v. Wolley,* 81 Id. 77; *Patty v. Pease,* 8 Paige, 277; *Ogden v. Glidden,* 9 Wis. 46; *Niles v. Harmon,* 80 Ill. 396; *Darst v. Bates,* 95 Id. 493.

3. The equities created by these mortgages are greater than any rights which the mortgagors have to the property, as between themselves and the mortgagees. They hold the legal estate for the benefit of the mortgagees, and as their trustees, and courts will intervene to see that no undue advantage is taken of such trust, or to prevent the destruction of the securities; citing *Avery v. Judd,* 21 Wis. 262; *Seatoff v. Anderson,* 28 Id. 215; *Fairbank v. Cudworth,* 33 Id. 358; *Schreiber v. Carey,* 48 Id. 215.

4. The defendants Mitchell, having signed both mortgages, cannot set up any homestead claim as against the mortgagees; citing Jones, Mort. § 1632; *White v. Polleys,* 20 Wis. 503; *Searle v. Chapman,* 121 Mass. 19; *Schreiber v. Carey,* 48 Wis. 208.

*Elbridge F. Bacon,* for defendants, contended for the rule laid down in the opinion.

LONG, J. On April 2, 1883, George W. Mitchell and wife, Sarah Jane Mitchell, two of the above defendants, made and executed an indenture of mortgage to George W. Jenks, administrator, etc., covering the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 22, township 16 N., of range 15 E., Huron county, Mich. This mortgage was recorded in the

office of the register of deeds of Huron county, on April 5, 1883, and was thereafter duly assigned in writing by said Jenks to Margaret L. Davidson, the other defendant. The mortgage was given for the sum of $182.28, and was to come due on or before April 2, 1888, with interest payable annually. For non-payment of interest when due the mortgagee had the option in the said mortgage to declare the whole amount of principal and interest due, and the right to foreclose the same under the power of sale contained in the mortgage. The interest remaining unpaid, on November 10, 1887, the assignee of the mortgage, Mrs. Davidson, declared the whole amount for principal and interest due, and commenced a statutory foreclosure, by the publication of the usual notice, claiming there was due on the mortgage and note for principal and interest the sum of $254.78.

On the same day this mortgage was given, George W. Mitchell conveyed to his wife, Sarah Jane Mitchell, the north 45 acres of the premises covered by this mortgage, by deed of warranty containing the usual covenants of seisin, and that the premises were free from all incumbrances. The north 45 acres included the homestead of George W. Mitchell and wife; the dwelling-house and appurtenances where they resided being situate thereon.

On September 16, 1886, George W. Mitchell, being indebted to the J. I. Case Threshing Machine Company, complainant, in the sum of $700, gave his promissory notes for that amount to it; and to secure the payment of said notes he, with his wife, Sarah Jane Mitchell, made and executed a mortgage for said amount on the same date to said complainant, covering the south 35 acres of the premises described in the mortgage to George W. Jenks. This amount was due under said mortgage in installments: $150, October 1, 1887; $200, December 1, 1887; $150, October 1, 1888; $200, December 1, 1888.

Default having been made in the payment of the first two installments of this mortgage, on February 4, 1888, complainant filed its bill in the circuit court, in chancery, of Huron county, to foreclose said mortgage, and to restrain the sale of the premises under the foreclosure by Margaret L. Davidson of her mortgage, which was to take place under said notice on February 7, 1888. Upon filing this bill, an injunction was allowed by the circuit judge restraining the sale under the Davidson mortgage. The complainant in its bill prays that Margaret L. Davidson be compelled under such foreclosure to sell the north 45 acres of the premises first, before resorting to or selling the south 35 acres of the premises covered by its mortgage.

The defendants all appeared and answered. The defendant Sarah Jane Mitchell in her answer alleged her home. stead interest in the north 45 acres, and her purchase from her husband; and prayed that the south 35 acres be first sold under the Davidson mortgage, before sale should be made of the 45 acres so owned by her. Defendant Davidson also answered, and prayed foreclosure of her mortgage upon the whole tract covered thereby, and for her costs in the proceedings.

On the hearing in the circuit, the court decreed that the south 35 acres be first sold under the Davidson mortgage, and that, if a sufficient sum should be realized at such sale, the north 45 acres should be released from the lien of that mortgage. The court found due on the complainant's mortgage the sum of $317.80, and decreed that George W. Mitchell pay the same, with interest and costs, on or before February 17, 1889, and that in default thereof a sale be made of the 35 acres so covered by said mortgage. The court also found due on the Davidson mortgage the sum of $271.46, and ordered payment thereof by George W. Mitchell and Sarah Jane Mitchell, with

interest and costs, on or before February 17, 1889; and in default that defendant Davidson first proceed to a sale of the south 35 acres of said premises; and that, if that was insufficient to pay the amount due, then a sale of the north 45 acres to be made. The court ordered, further, that complainant pay to Margaret L. Davidson the sum of $42.30, the amount of costs and expenses incurred by her in her foreclosure proceedings by advertisement. The court also decreed that complainant pay the sum of $25 as costs to defendant Sarah Jane Mitchell. From this decree complainant appeals.

The deed was made and delivered to Sarah Jane Mitchell, by her husband, and by her placed upon record, prior to the time of the execution and delivery of the complainant's mortgage. At the time of the taking of this mortgage the complainant not only had notice by the record that the whole 80 acres was incumbered by the Davidson mortgage, but also that the title to the north 45 acres had been transferred by George W. Mitchell to his wife, Sarah Jane Mitchell, and that the legal title to that parcel was vested in her at the time of the giving of the mortgage to complainant. Where a part of the mortgaged premises has been aliened by the mortgagor subsequent to the mortgage, the rule in equity, on a foreclosure and sale, is to require that part of the premises in which the mortgagor has not parted with his equity of redemption to be the first sold, and then, if necessary, that which has been aliened, and, where the latter is in possession of different vendees, in the inverse order of alienation. This rule rests upon the ground, chiefly, that where one who is bound to pay a mortgage confers upon others rights in any portion of the property, retaining other portions himself, it is unjust that they should be deprived of their rights, so long as he has property covered by the mortgage out of which the debt can be made.

In other words, his debt should be paid out of his own estate, instead of being charged in the estate of his grantees. *Mason v. Payne,* Walk. Ch. 459; *Cooper v. Bigly,* 13 Mich. 463.

The deed from Mitchell to his wife contains the usual covenants of warranty, and it is evident therefrom that it was the intention of the grantor in his deed to charge the part remaining in him first to the payment of this mortgage. These covenants of warranty become important in determining the intent of the mortgagor not to charge the mortgage on the property sold. If the bill had been filed to foreclose the Davidson mortgage, and the rights of complainant had not intervened, no one would deny the right of the defendant Sarah J. Mitchell, the grantee in the deed, to have the 35 acres remaining in her grantor first sold to satisfy the mortgage, before the portion purchased by her should be made liable to its payment, under the rule above stated. It is insisted, however, by counsel for complainant, that the defendant Sarah J. Mitchell, having signed the Davidson mortgage, and taken a deed from her husband of the 45 acres, it was charged with its proportionate share of the lien, the same as if she had purchased the whole 80. This fact could not affect her right to have the south 35 acres remaining in her husband first sold. The mortgage was given to secure the payment of the debt of the husband, and she in its execution only barred her dower. She was not personally liable for the debt, and could not be held liable upon any covenant contained in the mortgage. Such a covenant would be a mere nullity, so far as her rights were concerned. The statute does not empower her to make contracts generally, but only in respect to her own property. *Kitchell v. Mudgett,* 37 Mich. 81.

Counsel for complainant further contend that, Sarah J. Mitchell having signed both mortgages, her equities

in and to any portion of the 80 acres are not greater than the equities of the mortgagees; and that, having signed and executed both mortgages voluntarily, she is estopped from assuming any position that will tend to depreciate or destroy the rights and equities created by such mortgages. What rights and equities has the complainant, as against Sarah J. Mitchell, in the north 45 acres of this land? Its mortgage does not cover this parcel. When it took the mortgage the Davidson mortgage was a lien upon that parcel as well as upon the south 35 acres, and at that time the title to this 45 acres was in Mrs. Mitchell under a conveyance from the mortgagor in the Davidson mortgage. At this time Mrs. Mitchell had the right to have this 35 acres first sold to pay the Davidson mortgage. How can it be said that by the giving of the mortgage to complainant upon the 35 acres Mrs. Mitchell lost her right to have it first sold to satisfy the Davidson mortgage? This is not so, though she joined with her husband in its execution. This was also given to secure the payment of the debt of the husband, and no equities could arise in favor of complainant against her to compel the sale of her land first to pay and discharge the Davidson mortgage.

In *Kitchell v. Mudgelt, supra,* a bill was filed to foreclose a mortgage signed by the defendant as wife of the mortgagor, on land belonging to the husband; the defendant having a prior mortgage on the same premises. It was claimed that the wife, in uniting in the mortgage to complainant, transferred her own mortgage interest, and subjected it to the lien of the mortgage she signed. It was held that her act had no such effect, and her mortgage was given priority of lien. Sarah Jane Mitchell's rights in the 45 acres are in no manner affected by the giving of this mortgage to the complainant, and no equities arise in favor of complainant to have this parcel first

sold. Complainant took its mortgage after the right of Sarah J. Mitchell had become fixed under her deed as to the Davidson mortgage, and that was to have the 35 acres then remaining in her husband, her grantor, first sold, to pay the Davidson mortgage; and the fact that she joined in the mortgage to complainant with her husband did not and could not affect her rights in the 45 acres, and no equities arise in favor of complainant to have it so declared. The only effect of joining in this mortgage is to bar any dower she might have upon a foreclosure and sale of the premises.

Some question is raised by counsel for complainant relative to costs allowed by the court below. Margaret L. Davidson was proceeding to a foreclosure and sale by advertisement of the premises under her mortgage. This she had a right to do, under the power of sale contained in the mortgage. Complainant by injunction restrained the sale, and made Mrs. Davidson a party defendant to its bill, the effect of which was that she lost her costs and expenses incurred in the advertising of her foreclosure. These costs the court very properly allowed her.

Mrs. Mitchell was also allowed $25 as costs by the court below. We think this was an amount which the defendant might reasonably recover. By her answer in the nature of a cross-bill she was asking affirmative relief; that is, that the 35 acres be first sold under the Davidson mortgage. This relief the court granted, and gave the defendant costs within the rule.

Counsel for complainant asks, on the hearing here, that it be permitted to redeem from the Davidson mortgage. This will be granted. The decree of the court below will be so modified that complainant may pay to Margaret L. Davidson the amount of the mortgage as fixed by the court below, together with interest thereon from the date of such decree at the rate drawn by said mortgage, and

costs fixed by the court below to be paid to her within 90 days from date hereof, and upon such payment be subrogated to all the rights of Margaret L. Davidson therein, and all her rights under said decree, by filing the receipts for such payments with the register of this Court. The decree of the court below must be affirmed in all other respects, except as to the time of the payments of the money to be paid under the terms of said decree, which shall be paid within 90 days from this date, in default of which the parties may proceed to a sale of the premises. The defendants, in addition to the costs recoverable in the court below, shall recover their costs of this Court.

The other Justices concurred.