JOHN McCARTY, Plaintiff and Respondent, v. CHARLES W. GOODSMAN, Amanda Goodsman, and Asa J. Styles, Defendants, ASA J. STYLES, Appellant.

(168 N. W. 721.)

**Mortgage foreclosure — by advertisement — enjoining of — right of foreclosure — established in subsequent trial — power of sale — under — no legal counterclaim — no valid defense — proceeding enjoined — costs incurred in — may recover.**

1. Where the foreclosure of a mortgage by advertisement is enjoined under § 8074, Compiled Laws 1913, and it is established in the subsequent foreclosure action that the plaintiff had a right to foreclose the mortgage under the power of sale, and that there was, in fact, no legal counterclaim or valid defense against the whole or any part of the amount claimed to be due in the notice of sale, the plaintiff is entitled to recover in such foreclosure action the costs and disbursements which he has actually and necessarily incurred in the foreclosure proceeding, which was enjoined.

**Statutory attorney's fee — but one recoverable.**

2. The plaintiff in such foreclosure action, however, is entitled to recover only one statutory attorney's fee.

Opinion filed July 25, 1918.

From a judgment of the District Court of Pierce County, *Burr,* J., defendant appeals.

Modified and affirmed.

*Asa J. Styles,* for appellant.

In mortgage foreclosure proceedings by advertisement, before an attorney's fee can be included as an item of costs, the attorney must file his affidavit in full compliance with the statute. He must also be a resident attorney. Comp. Laws 1913, § 7792; 11 Cyc. 105; Fletcher v. Kelly, 88 Iowa, 475, 55 N. W. 474, 21 L.R.A. 347; Wilkins v. Troutner, 66 Iowa, 557, 24 N. W. 37.

Costs cannot be taxed in the absence of statutory authority. Angholm v. Ekrem, 18 N. D. 185.

"In a suit in equity the costs of a previous action at law between the same parties and in reference to the same subject-matter are not allowable." 5 Enc. Pl. & Pr. 238.

"Where the service of process or papers is one which is not required by law, compensation therefore cannot be taxed as costs." 11 Cyc. 100, and cases note 19.

*Harold B. Nelson,* for respondent.

"Whenever any real property shall be sold by virtue of a power of sale contained in any mortgage, the officer making the sale shall immediately give the purchaser a certificate of sale." Comp. Laws 1913, § 8084.

"Such certificate must be executed and acknowledged and may be recorded, as provided in case of a certificate of sale of real property upon execution, and shall have the same validity and effect." Johnson v. Day, 2 N. D. 295.

These provisions are mandatory. Ibid.; Martin v. Hawthorne, 5 N. D. 66.

A sale without a certificate does not pass title. Smith v. Buse, 28 N. W. 220.

A sale had in violation of an order restraining it is void, and by analogy the issuance of a certificate after an order forbidding it is also void. Lash v. McCormick, 14 Minn. 482.

"One who obtained an injunction restraining the sale, but allowing the continuation of the publication of notice, cannot on taxation of costs object to the allowance of the whole expense of publication, although it exceeded twenty-four weeks." Collins v. Standish, 6 How. Pr. 493; Cree v. Lord, 25 Vt. 498.

In foreclosure the attorney's fee, like other costs, is a statutory item. Comp. Laws 1913, § 7792.

"In a proceeding to foreclose a mortgage, where the answer admits the execution of the note and mortgage, and does not deny that the amount claimed in the petition is due, there is nothing for the plaintiff to prove." Cooley v. Hobart, 8 Iowa, 358.

"Where defendant sets up an unfounded defense and delays the proceedings it is proper to charge him personally with the costs, instead of taking them out of the property." 2 Barb. Ch. 440; Boudinot v. Winter, 60 N. E. 553; O'Neal v. Hart, 47 Pac. 926.

CHRISTIANSON, J. The defendant Styles is the owner of the premises involved in this controversy. The plaintiff had acquired and owned

a $500 mortgage upon such premises, executed by Charles W. Goodsman and Amanda Goodsman, his wife, the former owners thereof. In January, 1916, the plaintiff instituted proceedings by advertisement for the foreclosure of such mortgage. The defendant Styles thereupon applied to the district court for, and received, an order under the provisions of § 8074, Comp. Laws 1913, enjoining the foreclosure by advertisement, and directing that all further proceedings for foreclosure be had in the district court of Pierce county. The restraining order was issued upon the affidavit of the defendant Styles, averring that the mortgage sought to be foreclosed was barred by the Statute of Limitations.

The foreclosure sale was advertised to be held on February 21, 1916. The restraining order was issued February 17, and served February 18, 1916. Immediately after the service of the restraining order, plaintiff applied for an order to vacate it; and the court, being somewhat in doubt as to its powers and duties in the matter, issued an order to show cause, returnable March 7, 1916. The order to show cause did not vacate the restraining order, but merely suspended it to the extent of permitting the sale to be made, and directed that no certificate of sale be issued until the further order of the court. The order in effect held the matter in abeyance pending the hearing on the order to show cause. The plaintiff was the purchaser at the sale held pending the hearing.

The motion to vacate thereafter came on for hearing, pursuant to the order to show cause. Upon the hearing, the defendant Styles appeared in opposition to the motion to vacate, and after due consideration the court denied the motion to vacate the restraining order. The restraining order, therefore, remained in full force and effect, and the plaintiff, in accordance with its directions, instituted the present action to foreclose the mortgage. The defendant Styles appeared and in his answer asserted:

1. That the mortgage described in the complaint had been extinguished by virtue of the sale made pending the hearing on the order to show cause; and,

2. That the cause of action set forth in the complaint was barred by the Statute of Limitations for the reason that the mortgage sought to be foreclosed contained a covenant on the part of Goodsman and wife

to pay all taxes on the land and keep the buildings thereon in repair; that they had failed to pay taxes, and had permitted the buildings to be removed from the land; and that such acts constituting defaults in the conditions of the mortgage had occurred more than ten years prior to the commencement of this action.

Upon the trial, the defendant Styles filed a supplemental answer, wherein he pleaded as an affirmative defense that the land in controversy had been sold at mortgage foreclosure sale on February 21, 1916, to the plaintiff, John McCarty, for the sum of $613.53, pursuant to the printed notice of foreclosure sale, and that on the 20th day of February, 1917, the defendant Styles had made redemption from such sale by paying to the sheriff the sum of $669.75. He thereupon withdrew the defense of the Statute of Limitations, and so informed the court and adverse party.

The trial court made findings, and ordered judgment, in favor of the plaintiff. The defendant appeals and demands a trial anew in this court.

On his appeal the defendant asserts:

1. That the mortgage was extinguished by the foreclosure and the subsequent redemption made by the defendant therefrom.

2. That in any event the court erred in allowing certain costs to be taxed.

We will consider these propositions in the order stated.

(1) With respect to the first contention, it should be stated that the evidence shows that the plaintiff refused to accept the moneys paid by the defendant Styles to the Sheriff of Pierce county for the alleged purpose of making redemption. And it is indeed difficult to understand on what possible theory Styles can now contend that the foreclosure sale which he caused the court to enjoin was of any effect. As was said by the trial court in memorandum decision in this case: "Here is the defendant getting from the court an order enjoining the very proceedings which he said were a foreclosure, and compelling the plaintiff to treat the foreclosure proceedings as a nullity, and compelling the plaintiff to bring an action to foreclose and drop the foreclosure proceedings by advertisement, and now coming before the court and claiming that the proceedings enjoined on his application were of such a character as could be redeemed from. It will be further noted

that this attempted redemption by the defendant is long after he had answered in this case. The defendant himself never considered that there was a foreclosure by advertisement. He knew that he had had it enjoined, that the plaintiff commenced this action treating the proceedings as a nullity, and that defendant himself had treated it as a nullity in answering. How he can come in now and claim to redeem passes the comprehension of this court. He cannot be permitted to play fast and loose with the process of this court. . . . The defendant does not seriously contend that the mortgage is not a lien on the land, and he withdraws the very defense of Statute of Limitations that he set up in his affidavit to have the foreclosure proceedings by advertisement enjoined. On page 22 of the transcript, lines 3 and 4, the defendant Styles withdraws the defense of the Statute of Limitations, and on page 21 of the same transcript, lines 19 to 24, defendant limits his defense in this case to that of a redemption."

The reasoning adopted by the trial court meets with our entire approval.

(2) With respect to the taxation of costs, it appears that the court taxed, and entered judgment against the defendant Styles personally for, the costs of the action, such as the fees of the clerk of the district court, sheriff's fees for serving the summons and complaint, and the statutory costs. The court also permitted to be taxed as costs, not against the defendant Styles personally, but "to be taxed in the judgment as a part of the indebtedness secured by the note and mortgage upon the premises involved in the action, and to be satisfied only out of the proceeds derived from such sale," the following items of costs incurred and expended by the plaintiff in the foreclosure proceedings by advertisement; attorney's fees, $50; publishing notice of sale, $11.88; sheriff's fees, $10.60; register of deeds, $4.25.

It is contended that the statutory attorney's fees for the foreclosure of the mortgage should not have been allowed for the reason that Mr. Coger, the attorney to whom plaintiff had executed a power of attorney to foreclose the mortgage, was no longer a resident of the state. The record shows, and it is pointed out by the trial court in its memorandum decision, that the question of the change of residence of Mr. Coger was not mentioned at any time during the trial of the case. The summons and complaint in the action were signed by Albert E. Coger and Harold

B. Nelson as attorneys for the plaintiff. The residence and postoffice address of such attorneys, as indorsed upon the summons and complaint, is given as Rugby, Pierce county, North Dakota. Mr. Coger is the attorney who appeared and conducted the foreclosure proceedings by advertisement, and the complaint alleges the execution and delivery by the plaintiff of a power of attorney, authorizing Coger to foreclose the mortgage. No objection was made upon the trial, nor was it even intimated that Coger was no longer a resident of the state. Nor was any such objection made at the time the costs were retaxed by the clerk of the district court. The written objections filed before the clerk by the defendant Styles contain no such ground of objection. This objection was apparently an afterthought. It was first raised upon the application made before the court to review the retaxation of costs. Our statute contemplates that objections to items of costs shall be made in the first instance before the taxing officer. Comp. Laws 1913, § 7802. See also 15 C. J. p. 190, § 455. Upon the hearing before the district court, the defendant Styles submitted an affidavit wherein he stated on information and belief that Coger is no longer a resident of the state, and also submitted what purports to be a letter received from the deputy clerk of the supreme court of Minnesota to the effect that Coger was admitted to practise law in that state on February 21, 1917. The defendant does not deny that the foreclosure action was conducted and tried by an attorney regularly admitted to practise in, and a bona fide resident of, this state. On the contrary, the record shows this to be the fact. We are entirely satisfied that the trial court was justified in disregarding the objection sought to be made by the defendant to the taxation of the statutory attorney's fee for the foreclosure of the mortgage.

We are also satisfied that the trial court was entirely correct in taxing the costs in the action against the defendant Styles, and directing personal judgment to be entered against him therefor. The costs in the action were occasioned solely by his acts. He made it necessary to maintain the action in the first place, and he alone appeared and answered. We have no doubt that he became chargeable with the costs incurred, and properly taxable, in the action.

With respect to the items of cost incurred in the foreclosure proceedings which were enjoined by the defendant, a somewhat different

40 N. D.—15.

question arises. In the case at bar the plaintiff in his complaint alleged the facts with respect to the attempted foreclosure by advertisement and the enjoining thereof upon the application of Styles. Upon the trial, the plaintiff testified fully and without objection to the different items expended by him upon the foreclosure proceedings which were enjoined, and these different items were also further proven by the defendant Styles,—by the testimony of a deputy sheriff of Pierce county,—in attempting to establish the alleged redemption. In its findings of fact, the court finds the different items and amounts expended by the plaintiff, McCarty, in such foreclosure proceeding and awarded judgment to the plaintiff therefor.

In our opinion, the trial court was correct in allowing such recovery. Under the facts in the instant case, it is immaterial whether such items be considered as items of costs or as elements of damages. For while ordinarily damages arising from an injunction are not recoverable where no undertaking has been required, it is generally recognized that the court has power to make the decree in reference to the costs of the suit as it may deem equitable and just. Russell v. Farley, 105 U. S. 433, 26 L. ed. 1060. And the better rule is that, even where a bond has been required, the party enjoined is not limited to an action on the bond alone in cases where the injunction was sued out without probable cause, but that in such cases the party enjoined, in addition to his remedy on the bond, may also maintain an action at law for the wrongful suing out of the injunction. 14 R. C. L. p. 481, § 183. In injunctional actions, the dissolution of an injunction is, until reversed, conclusive that the injunction was wrongfully obtained. High, Inj. 4th ed. § 1665. In the case at bar, not only did the trial court render judgment favorable to the plaintiff, but the defendant expressly withdrew the defense of the Statute of Limitations which was the defense asserted and upon the strength of which the restraining order was issued. The only deduction which any reasonable man can draw from the record in this case is that the restraining order was obtained without any probable cause therefor.

A proceeding to enjoin the foreclosure of a mortgage by advertisement is neither an action nor a special proceeding, within the meaning of those terms as used in our statute. Tracy v. Scott, 13 N. D. 577, 101 N. W. 905. The order is granted *ex parte*. Counter affidavits

are not allowed. Commercial Nat. Bank v. Smith, 1 S. D. 28, 44 N. W. 1024. The sole purpose of the order is to prevent the sale and require the foreclosure proceedings to be conducted in the district court, in order that a "valid defense" or "legal counterclaim" may be interposed. The order is not *res judicata,* upon the right to foreclose or the validity of an asserted defense, or counterclaim, in the subsequent litigation between the parties. According to its terms, the statute is intended to give the mortgagor and those in privity with and claiming under him an opportunity to interpose any existing "legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due" on the mortgage which is being foreclosed. And in order to enable the party or parties to interpose the asserted defense or counterclaim, the court not only enjoins the pending foreclosure, but directs "that all further proceedings for the foreclosure be had in the district court properly having jurisdiction of the subject-matter." Comp. Laws 1913, § 8074. But while the enjoining of a foreclosure by advertisement is a statutory proceeding, manifestly it was not intended that the statute should be made an instrument of oppression, and that the party who so utilizes it shall escape payment of the costs which he has occasioned. In a certain sense, the foreclosure action is a continuation of the proceeding instituted by the advertisement. And it has been held that, where a foreclosure by advertisement is enjoined, the costs and expenses incurred therein are properly taxable as items of costs in the foreclosure action where the party prosecuting the foreclosure prevails in the action. J. I. Case Threshing Mach. Co. v. Mitchell, 74 Mich. 679, 42 N. W. 151. And as a general rule, a mortgagee who has been wrongfully enjoined from proceeding to sell mortgaged premises by advertisement is entitled to be reimbursed for the expenses occasioned by the injunctional order. See Wiltsie, Mortg. Foreclosure, 3d ed. § 946.

It is clear that the restraining order was issued without probable cause, and that by reason of its wrongful issuance the plaintiff was compelled to expend certain costs, and that in right and justice he is entitled to recover the items reasonably and properly expended, from the party who occasioned the expenditure. And there is no good reason why such recovery should not be had in the foreclosure action. Cer-

tainly plaintiff should not be required to institute another action in order to obtain them.

In our opinion, however, only one statutory attorney's fee is allowable. Even in injunctional actions, counsel fees are not always allowed as damages upon the dissolution of the injunction. "The true test with regard to the allowance of counsel fees as damages would seem to be that if they are necessarily incurred in procuring the dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered; but if the injunction is only ancillary to the principal object of the action, and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees cannot be recovered." High, Inj. 4th ed. § 1686.

As we have already stated, the foreclosure action is in a sense a continuation of the proceeding commenced by the advertisement. There is only one foreclosure of the mortgage. Our statute relating to attorney's fees clearly contemplates that only one fee shall be allowed for the foreclosure of a mortgage. And we do not believe that when a foreclosure by advertisement is enjoined that this will warrant the taxation of two statutory attorney's fees on foreclosure, or that the party who sues out the restraining order can be said to have occasioned the expenditure of an additional statutory attorney's fee in foreclosure by causing the sale to be enjoined. But we do believe that where it is established in the foreclosure suit that there was, and is, in fact, no "legal counterclaim or valid defense against the whole or any part of the amount claimed to be due" in the notice of sale, the party foreclosing is entitled to recover, and the party who has procured the injunction is properly chargeable with, the costs and disbursements actually and necessarily incurred in conducting the proceeding by advertisement, such as the fees for publishing the notice of sale and matters of that kind. These expenditures go for naught. They are occasioned by the injunction, and recovery therefor may be awarded in the foreclosure action.

Inasmuch as in this case the court allowed two statutory attorney's fees,—one upon the foreclosure by advertisement and the other upon the foreclosure by action,—the judgment should be modified to the extent of disallowing one of these items. The judgment appealed from

is therefore modified to that extent, and as so modified, it is affirmed. Neither party will recover costs on this appeal.

ROBINSON, J. (concurring).   This case is really much ado about nothing.   It presents for review only a few trifling errors regarding the taxation of costs and a personal judgment against the appellant Styles for $54 and on the personal judgment he has been allowed a credit of $10.   The suit is to foreclose a mortgage which was not made by Styles.   It was made by Charles Goodsman and wife, dated November 10, 1903, to secure $500 in ten years, with interest at 7 per cent. Defendant Styles is made a party as a purchaser of the mortgaged premises.   As the court found the amount due and unpaid on the mortgage is $500 and interest at 7 per cent from February 1, 1915.

The original judgment was that plaintiff recover from the mortgagors said $500 and interest, with costs amounting to $131.53, and that he recover from Styles a part of the costs amounting to $131.53.

On October 20th, 1917, on motion to retax the costs, an amended judgment was entered that plaintiff recover from the mortgagors $500, with interest at 7 per cent from February 1, 1915, and also the following costs in a void foreclosure advertisement:

| | |
|---|---:|
| Attorney's fees | $30.00 |
| Public notice of sale | 11.88 |
| Sheriff's fees | 10.60 |
| Register of Deeds | 4.25 |
| Amount | $56.73 |

Also that plaintiff recover from Asa Styles on costs of the suit $54.80. As Styles was the only party who appeared and defended, there was nothing wrong in taxing against him the costs of the suit, but in regard to the costs of the void foreclosure by advertisement amounting to $56.73, there is no law for taxing the same against anyone.   It cannot be that a party may tax against anyone the costs of repeated and void attempts to foreclose a mortgage.   It is quite sufficient that the mortgagors should be taxed with the actual costs of a valid foreclosure.

By commencing this action the plaintiff concedes that his first attempted foreclosure was abortive and void, and it is quite enough for a party to bear the costs of a valid foreclosure proceeding against him or his property without paying the costs of a void suit.   The costs and

disbursements of the action must be taxed in accordance with the statute.

Hence, the judgment should be modified by striking it from the costs of the attempted foreclosure by advertisement, and as thus modified it is affirmed without costs to either party. No cost is allowed the appellant, because he has persisted in raising and presenting false and needless issues in regard to the void foreclosure proceeding and an attempted redemption under it.