# W. A. LARSON, Appellant, v. PAUL JACOBSON, Respondent.

(208 N. W. 833.)

**Mortgages — failure to give notice of intention to foreclose mortgage does not constitute legal counterclaim or valid defense against collection of amount due.**

   1. Failure to give notice of intention to foreclose real estate mortgage as required by chapter 66, Sess. Laws 1921, does not constitute a legal counter-

---

Note.—(2) Power of court to modify terms of injunction, see 14 R. C. L. 463; 3 R. C. L. Supp. 236; 4 R. C. L. Supp. 904.

claim or valid defense against the collection of the whole or any part of the amount claimed to be due on the mortgage sought to be foreclosed within the meaning of those terms as set out and contained in § 8074, Comp. Laws 1913.

**Appeal and error — application for injunction addressed to sound discretion of district court; district judge may modify or dissolve injunction; will not be disturbed except on showing of abuse of discretion.**

2. An application for an order enjoining a foreclosure by advertisement pursuant to § 8074, Comp. Laws 1913, is addressed to the sound discretion of the district judge. When such an injunctional order has been granted the district judge may thereafter, when it appears to him proper to do so, modify or dissolve the same, and his action in that respect will not be disturbed unless it appears that in so doing there was an abuse of discretion.

Opinion filed April 24, 1926.

Appeal and Error, 4 C. J. § 2768 p. 803 n. 87.   Mortgages, 41 C. J. § 1329 p. 919, n. 12 New.

Appeal from the District Court of Nelson County, *Cole*, J.

From an order dissolving an order enjoining the foreclosure of a real estate mortgage by advertisement the plaintiff appeals.

Affirmed.

*E. G. Larson* and *Crum & Crum*, for appellant.

"It was the intention of the legislature that an injunction shall be granted if a defense is set forth in the petition, and that the matters in controversy and the truth of the defense shall be settled and determined upon the trial of an action to foreclosure, rather than upon affidavits on an order to show cause." Beiseker v. Svendsgaard, 28 N. D. 366.

*E. C. Boostrom* and *Divet, Holt, Frame & Thorp*, for respondent.

"Successive injunctions upon different grounds which might be put at issue in one proceeding should not be allowed where no sufficient reason why the grounds were not urged on the first application for an injunction is shown; and neither ignorance of the law nor of the facts will present any excuse for failure to present such grounds." 32 C. J. p. 74, § 59; Eminent Household, C. W. v. Thornton (Ga.) 70 S. E. 666; Schwartz v. Siekmann (La.) 66 So. 770.

NUESSLE, J. This is an appeal from an order of the district court of

Cass county vacating an injunction issued pursuant to § 8074, Comp. Laws 1913.

Defendant Jacobson had a second mortgage on real estate. Plaintiff bought this real estate subject to defendant's mortgage. On June 4th, 1925, Jacobson began foreclosure of his mortgage by advertisement, the sale being set for July 14th, 1925. The amount claimed to be due at date of sale was $6,854.77. On June 30th Larson applied to Judge Cole, one of the judges of the first judicial district, for an order enjoining the foreclosure by advertisement and directing that all further proceedings be had by action in the district court. Larson set out as grounds for this order: First, that the defendant had not complied with the statutory requirement as to the giving of thirty days' notice of intention to foreclose; Second, that he had a counterclaim against and a partial defense to the collection of the mortgage debt. Judge Cole issued the order. Thereafter Jacobson procured an order directed to Larson requiring him to show cause why the injunctional order should not be vacated. Jacobson made a showing by affidavit in support of this order to show cause setting out that the statutory notice of intention to foreclose had been given as required and conceding the partial defense and counterclaim to the collection of the mortgage debt, claimed by Larson. On the return day both parties appeared. No objection was offered to a consideration of the matter by the district court, and after hearing, the injunctional order was vacated and the defendant was permitted to proceed with his foreclosure by advertisement for the amount of the mortgage debt less the amount claimed by Larson as a counterclaim and defense. Thereafter, and on July 13th, 1925, Larson applied to Judge Englert, also a judge of the first judicial district, for an order enjoining the foreclosure. In his supporting affidavit he again set out that no notice of intention to foreclose had been given as required by the statute, and also set out that he had further counterclaims and defenses to the extent of $600. He did not advise Judge Englert of the prior application and the proceedings thereafter had before Judge Cole. Judge Englert granted the injunctional order as prayed. Thereafter, and on July 14th this order was served upon the defendant and the sheriff charged with the duty of making the sale. Jacobson at once applied to Judge Cole for an order vacating the order made by Judge Englert. He did this with Judge Englert's consent,

having advised Judge Englert of the prior proceeding before Judge Cole. In his application to Judge Cole for a vacation of Judge Englert's order, defendant again set up facts tending to show that the notice of intention to foreclose had been given as required by the stat-ute, and admitted the further counterclaim and defense to the extent of $600 as claimed by Larson in his affidavit and application to Judge Englert. Whereupon Judge Cole vacated the order issued by Judge Englert, on condition that the amount of the defendant's mortgage claim be reduced to $3,900 and interest, thus taking into account and allowing all of the alleged counterclaims and defenses of Larson against the collection of the mortgage debt. This appeal is from the order of Judge Cole thus issued.

Section 8074, Comp. Laws 1913 reads as follows:

"When the mortgagee or his assignee has commenced proceedings for the foreclosure of a mortgage by advertisement and it shall be made to appear by the affidavit of the mortgagor, his agent or attorney to the satisfaction of a judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counter-claim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may by an order to that effect enjoin the mortgagee or his assignee from foreclosing such mortgage by advertisement and direct that all further proceedings for the foreclosure be had in the district court properly having jurisdiction of the subject matter; and for the purpose of carrying out the provisions of this section service may be had upon the attorney or agent of the mortgagee or assignee."

This section contemplates that the order therein provided for shall be made on ex parte application. Beiseker v. Svendsgaard, 28 N. D. 366, 149 N. W. 352; McCann v. Mortgage, Bank & Invest. Co. 3 N. D. 172, 54 N. W. 1026. Whether or not it shall be granted rests within the sound judicial discretion of the judge, and the exercise of such discretion will not be disturbed except in case of abuse. Beiseker v. Svendsgaard, supra, and cases cited. The purpose of § 8074 is to enable a mortgagor who claims a complete or partial defense or counter-claim to or against the mortgage debt to have his claim tried and determined in a judicial proceeding. McCarty v. Goodsman, 40 N. D. 220, 168 N. W. 721; Beiseker v. Svendsgaard, supra; Scott v. District

Ct. 15 N. D. 259, 107 N. W. 61; McCann v. Mortgage, Bank & Invest. Co. supra.

In the instant case the plaintiff relied upon two grounds as entitling him to the injunctional order. First: That the defendant had not complied with the statute, chapter 66, Sess. Laws 1921, requiring the giving of notice of intention to foreclose and, second, that he had defenses and counterclaims against the collection of the mortgage debt or a part thereof. Reference to § 8074, supra, discloses that a mortgagor is entitled to the injunctional order when it appears that he "has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage." The notice of intention to foreclose required to be given by chapter 66, supra, does not affect in any manner the debt secured by the mortgage sought to be foreclosed. It is merely a prerequisite to the foreclosure of the mortgage. It applies as well whether such foreclosure is by advertisement or by action. Its purpose is to advise the mortgagor of the contemplated foreclosure to the end that he may make payment or cure the default and thus save the costs and trouble incident to foreclosure. See Brewer v. Forsberg, 53 N. D. 262, 205 N. W. 686. But it does not in any way affect the validity of the mortgage or the amount of the debt secured. It does not constitute a counterclaim or other defense against the collection of such debt. Section 8074, supra, is descended from the territorial statutes. See chapter 61, Laws of Dakota, 1883. The requirement of notice of intention to foreclose is a recent innovation. The latter was not within the contemplation of the legislature as a defense when § 8074 was enacted. To say that it does constitute a defense within the meaning of that section is wholly unwarranted. See Scott v. District Ct. 15 N. D. 259, 107 N. W. 61. So it appears clear to us that the only valid ground set forth in either the original or the second application of the plaintiff for an injunction under § 8074 was that he had a counterclaim and defense against a part of the mortgage debt.

When the defendant Jacobson applied to the district court for an order vacating plaintiff's injunctional order he admitted the counterclaim and partial defense claimed by the plaintiff and signified his willingness to have the mortgage debt, for which he was foreclosing, reduced to the extent of that claim. Thus the situation presented to

Judge Cole was one where all the facts were admitted. The defendant was foreclosing by advertisement. The plaintiff admitted the execution of the mortgage and the mortgage debt. There was no dispute as to the plaintiff being in default. He did claim, however, that he had a counterclaim and defense which would reduce the mortgage debt, but he did not tender or offer to pay the excess. Defendant admitted this claim of the plaintiff and asked that the foreclosure be permitted to go forward for the excess of his debt over such claim. The district judge in the exercise of his discretion vacated the injunctional order upon the express condition that the foreclosure be only for the undisputed excess. In the face of defendant's admission there was nothing to litigate. The plaintiff could gain nothing except delay through compelling the foreclosure by action. On the other hand the defendant would be deprived of a valuable contract right, that is, the right to foreclose by advertisement. Considering the purpose of the statute here involved we are of the opinion that there was no abuse of discretion on the part of the district judge in dissolving the injunctional order. To hold otherwise would be to hold that his discretion was exhausted once he had exercised it and issued the order. We do not think that this was the legislative intent in enacting the statute. We are further confirmed in this opinion by the fact that § 7841, Comp. Laws 1913 (Sess. Laws 1907, chap. 79), provides that an appeal may be taken to this court:

"(3) When an order . . . grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this code. . . ."

This statute plainly contemplates that a district judge may modify, continue or dissolve such an injunction or refuse to do so as well as grant or refuse to grant the injunction in the first instance. In this connection see James River Lodge v. Campbell, 6 S. D. 157, 60 N. W. 750.

The order appealed from therefore will be and it is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.