## T. L. BEISEKER v. JOHN SVENDSGAARD.

### (149 N. W. 352.)

**Foreclosure of mortgage by advertisement — power of court to enjoin — discretionary — disturbed for abuse.**

   1. The power of a court to enjoin the foreclosure of a mortgage by advertisement which is conferred by § 7454, Rev. Codes 1905, is discretionary and will be disturbed for abuse only.

**Foreclosure by advertisement — application for injunction against — court may examine records and mortgage.**

   2. On application brought under § 7454, Rev. Codes 1905, for an injunction

to restrain the foreclosure of a mortgage by advertisement, the court may examine the mortgage which is sought to be foreclosed as it appears of record, when the date, book, and page is referred to, either in the advertisement or in the petition for an injunction.

**Affidavits on such application — instalment mortgage — amounts not due or earned — court should enjoin — trial — facts.**

3. Where the affidavits filed on a petition to enjoin the foreclosure of a mortgage by advertisement allege that a mortgage is sought to be foreclosed which includes future instalments of interest that have not yet been earned, the district court should enjoin such foreclosure so that a trial may be had and the exact facts be ascertained.

**Extraneous and parol evidence — mortgage and note — consideration admissible to show by.**

4. Extraneous and parol evidence is admissible to show the real nature and amount of the consideration of a note and mortgage, even though the same are written instruments.

**Order refusing to enjoin — appealable.**

5. An order refusing to enjoin the foreclosure of a mortgage by advertisement is appealable. (Laws of 1907, chap. 79.)

Opinion filed October 10, 1914.

Appeal from the District Court of Wells County, *Coffey,* J.

Action to enjoin the foreclosure of a mortgage by advertisement.

Order denying injunction. Defendant appeals.

Reversed.

Statement by BRUCE, J.

This is an appeal from an order denying an application for an injunction to restrain the foreclosure of a mortgage by advertisement. The facts as disclosed by the affidavit filed with the application for the injunction are that on or about the 24th day of April, 1909, the defendant applied to the Farmers Trust Company, of which T. L. Beiseker is the president, for a loan of five thousand dollars ($5,000) and one thousand dollars ($1,000) respectively, with interest on the five thousand dollar mortgage at seven and a half ($7\frac{1}{2}$) per cent per annum due ten (10) years from date; that "for the convenience of said mortgagee, the said first mortgage for $5,000 was made due ten years from said date, with interest at 6 per cent, and the remaining

1½ per cent interest agreed upon on said $5,000 mortgage was figured at $75 per year, and that the total sum of same or $750 for the entire period was added to and incorporated in as the principal of the second mortgage of $1,000, making a total of $1,750; said $750 of same being payable in equal instalments of $75 per year."

The defeasance clause of said mortgage was to the effect that if the mortgagor should pay or cause to be paid "the sum of $1,793.75 and interest, according to the conditions of thirteen certain promissory notes bearing even date herewith, and also to pay all taxes which are now or may be hereafter assessed on said premises as they shall become due, then this deed to be null and void, but if default shall be made in the payment of said sum of money, or the interest, or the taxes, or any part thereof, at the time and in the manner hereinbefore or hereinafter specified for the payment thereof, the said parties of the first part in such case do hereby authorize and fully empower the said party of the second part . . . to sell the hereby granted premises, and convey the same to the purchaser in fee simple agreeably to the statute in such case made and provided, and out of the moneys arising from such sale to retain the principal and interest which shall then be due upon said land, etc. . . . and if default be made by said parties of the first part in any of the foregoing provisions, it shall be lawful for the said party of the second part . . . to declare the whole sum before specified to be due." The petition further alleged that the plaintiff and respondent was attempting to foreclose the second mortgage, claiming due thereon the sum of $3,228.72, inclusive of the entire $750 (the 1½ per cent additional interest on the first loan of $5,000) while there was really due on said mortgage the sum of $2,750, tender of which had been made to plaintiff and respondent; that on the said sum of $750 additional interest at 1½ per cent on the first loan but three payments of $75 each had been earned and had matured, but in said foreclosure plaintiff and respondent was wrongfully seeking to collect the sum of $478.72 in excess of the amount actually due thereon. It was further alleged that said judge declined to make an *ex parte* order on said application, but did make an order to show cause; that on the return day of said order to show cause, but under objection of defendant and appellant, the said judge received and considered an affidavit of R. A. Palmeter in

resistance of said application, and heard the arguments of counsel for plaintiff and respondent in resistance of said application, and, after a full discussion thereof, declined to make said order, but denied same.

Counsel for defendant and appellant urges: (1) That the court erred in refusing to make an *ex parte* order restraining the foreclosure of the mortgage; (2) that he erred in making an order to show cause; (3) that he erred in receiving and considering the affidavit of R. A. Palmeter in resistance of said application; and (4) that he erred in making the order denying the appellant's application for the injunction and order prayed for.

*George H. Stillman,* for appellant.

The proceedings to enjoin a mortgage foreclosure by advertisement are purely *ex parte,* and the statute providing this remedy does not contemplate a *trial* of the issue raised by the application and affidavits for injunction. North Dakota Rev. Codes 1905, § 7454; Scott v. District Ct. 15 N. D. 259, 107 N. W. 61.

The *satisfaction* to come to the court or judge upon such application is *not* an arbitrary satisfaction dependent upon whim or notion, but a *legal* satisfaction with the showing made. Bazal v. St. Stanislaus Church, 21 N. D. 602, 132 N. W. 212; Stevens v. Ross, 1 Cal. 94.

The power of the court, in such cases, is largely discretionary, and will be disturbed only on abuse of such discretion. State ex rel. Security Bank v. Buttz, 21 N. D. 540, 131 N. W. 241.

*Edward P. Kelly* and *R. A. Palmeter,* for respondent.

Section 7454 is intended to confer upon judges of the district courts certain authority to be exercised at their discretion, and such discretion is not reviewable excepting in cases of abuse. McCann v. Mortgage, Bank & Invest. Co. 3 N. D. 172, 54 N. W. 1026 and cases cited.

BRUCE, J. (after stating the facts as above). Counsel for appellant is hardly in a position to complain because of the action of the trial court in making an order to show cause and in receiving the affidavit of R. A. Palmeter in resistance to said application. We believe that it was the intention of the legislature that an injunction shall be granted if a defense is set forth in the petition, and that the matters in controversy and the truth of the defense shall be settled and determined

28 N. D.—24.

upon the trial of an action to foreclose, rather than upon affidavits on an order to show cause. In the case at bar, however, all that the affidavit furnished upon the order to show cause disclosed were the terms and conditions of the mortgage as given in that instrument. The affidavit of R. A. Palmeter did little more in fact than to identify the mortgage. It would have been perfectly competent for the court, in the first instance, to have examined the mortgage, as its date, book, and page were given both in the advertisement and in the petition for the injunction. We have held that the application by the mortgagor for an injunction is usually to be considered as an *ex parte* proceeding, and that counter affidavits are not allowed as a matter of right. McCann v. Mortgage, Bank & Invest. Co. 3 N. D. 172, 54 N. W. 1026; Commercial Nat. Bank v. Smith, 1 S. D. 28, 24 N. W. 1024. We have never held that the court is powerless to inform itself of the terms and conditions of the mortgage that is sought to be foreclosed.

We are satisfied, however, that the trial court erred in refusing to restrain the foreclosure of the mortgage. We realize that the power of the court to enjoin a foreclosure by advertisement which is conferred by § 7454, Rev. Codes 1905, is discretionary, and will be disturbed for abuse only. McCann v. Mortgage, Bank & Invest. Co. supra; James River Lodge v. Campbell, 6 S. D. 157, 60 N. W. 750; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694; State ex rel. Security Bank v. Buttz, 21 N. D. 540, 131 N. W. 241. We also realize that the affidavit of the petitioner does not allege any fraud, deception, or mistake. The petition, however, seems to clearly state that the ten $75 notes were in the nature of interest, and should only become operative when the same became due as $1\frac{1}{2}$ per cent items of interest on the first mortgage. If this was the case, it would seem that no consideration was earned for the additional seven notes of $75 each, but only for the three notes which had matured. It is well established that in spite of the fact that notes and mortgages are written instruments, extraneous evidence may be introduced to show the real nature of the consideration, and this notwithstanding the recitals of the mortgage itself. See 27 Cyc. 1055; United States Trust Co. v. Lanahan, 50 N. J. Eq. 796, 27 Atl. 1032; Ruloff v. Hazen, 124 Mich. 570, 83 N. W. 370; Lanahan v. Lawton, 50 N. J. Eq. 276, 23 Atl. 476; Babcock v. Lisk, 57 Ill. 327; Wimberly v. Worthan (1888) — Miss. —, 3 So. 459; Har-

wood v. Toms, 130 Mo. 225, 32 S. W. 666; McAteer v. McAteer, 31 S. C. 313, 9 S. E. 966; Jones v. New York Guaranty, & I. Co. 101 U. S. 622, 25 L. ed. 1030; Blair v. Carpenter, 75 Mich. 167, 42 N. W. 790; Bray v. Comer, 82 Ala. 183, 1 So. 77; Lefmann v. Brill, 73 C. C. A. 230, 142 Fed. 44; Sheats v. Scott, 133 Ala. 642, 32 So. 573; Smith v. Krueger, 71 N. J. Eq. 531, 63 Atl. 850.

We believe that a trial should be had so that the facts attending the transaction may be fully ascertained, and that the district court erred in refusing the injunction prayed for. All that we can here pass upon, however, are the allegations of the affidavit of the petitioner. Whether in fact the additional 1½ per cent was interest at all, we do not decide. We merely say that the affidavit of petitioner alleges it to be such.

It has been urged that the order which is complained of is not appealable. This would have been true under the holding of this court in the case of Tracy v. Scott, 13 N. D. 577, 101 N. W. 905, and prior to the passage of chap. 79 of the Laws of 1907. It is true that the act of 1907 is somewhat indefinite, and a technical objection can be made that on such appeal there is no adverse party (the proceedings being intended to be *ex parte* under the prior decisions of this court), and that there being no opportunity to file counter affidavits as a matter of right (see McCann v. Mortgage, Bank & Invest. Co. 3 N. D. 172, 54 N. W. 1026), the mortgagee would be more or less at a disadvantage, and that the transaction could hardly be said to be an action or proceeding. The act of 1907, however, in express words provides for an appeal in such cases, and if the mortgagee is at a disadvantage, it is a disadvantage in a proceeding, that is to say, a foreclosure by advertisement, to which he has no natural right and which is governed by the statute merely. The statute, under certain conditions, avoids the necessity of foreclosure by action. It may place around that privilege any limitations that it desires. Although, too, nothing is said as to who shall be made the respondent on such an appeal, or to whom notice of appeal shall be given, it is quite clear that it was the intention of the legislature that the ordinary practice should be followed, and that the mortgagee should be considered the real party in interest.

The judgment of the District Court is reversed.