Russel G. FOLMER and Anna Mae
Folmer, Plaintiffs and Appellants,

v.

STATE of North Dakota, Defendant
and Appellee.

Civ. No. 10526.

Supreme Court of North Dakota.

March 26, 1984.

Sarah M. Vogel, Grand Forks, for plaintiffs and appellants.

Robert P. Bennett, Sp. Asst. Atty. Gen., Bismarck, for defendant and appellee.

ERICKSTAD, Chief Justice.

Russel G. and Anna Mae Folmer appeal from an order denying their motion to enjoin a foreclosure by advertisement. We reverse the order and remand for further proceedings in accordance with this opinion.

In 1975, the Folmers obtained a $95,000 loan from the State of North Dakota. In return, they executed a note and a first mortgage on their farm to the State. The mortgage included a provision empowering the State upon default to foreclose by advertisement.

The Folmers defaulted on the note, allegedly because of low commodity prices and several years of drought. The State served a notice of intention to foreclose, and advertised that the farm would be sold at a sheriff's sale on August 4, 1983. On July 26, 1983, the Folmers served a motion to enjoin the foreclosure by advertisement.

The motion was heard on August 3, 1983. The Folmers raised Sections 28–29–04, 28–29–05, and 28–29–06, N.D.C.C., which they collectively termed the "confiscatory price defense," as a defense to the foreclosure. The court held that Section 28–29–04 does not apply to a foreclosure of a real property mortgage. The court further held that Section 28–29–05 would constitute a defense only to a foreclosure by action, and did not apply to a foreclosure by advertisement. The court on those grounds refused to grant the injunction, and the sale took place as scheduled on August 4. The State of North Dakota was the only bidder at the sale.

The statutes which comprise the "confiscatory price defense" were enacted by the Legislature in 1933, in response to the effects of the Great Depression on this state's largely agricultural economy. They are currently codified at Sections 28–29–04, 28–29–05, and 28–29–06 of the North Dakota Century Code:

"*28–29–04. Power of courts when prices are confiscatory.*—Until the price of farm products produced in this state shall rise to a point to equal at least the cost of production, in comparison with the price of other commodities in general, entering into the business of agriculture, the supreme court of this state and all district and county courts in this state shall have power, when it is deemed for the best interests of litigants, to extend the time for serving and filing all papers requisite and necessary for the final determination of any cause. Any such court, in like manner, may stay the entry of judgment or the issuance of execution thereon, or may defer the signing of any order for judgment, or may defer terms of court, whenever in the judgment of the court the strictly legal procedure in any cause will confiscate or tend to confiscate the property of any litigant by forcing the sale of agricultural products upon a ruinous market."

"*28–29–05. Courts may delay orders in foreclosures.*—Whenever any foreclosure proceeding is pending in any court in this state and the amount of the debt is less than the value of the property involved, and when any order for judgment will have the force and effect of depriving a defendant of his home and confiscating his property, the court may construe further proceedings to be unconscionable, and may delay the signing of such order to such time as it shall deem it advisable and just to enter the same."

"*28–29–06. Public policy.*—Any court mentioned in section 28–29–04 may take judicial notice of the situation of producers and laborers when prices of farm products are confiscatory, and upon the ground of public policy may do all things necessary to be done lawfully to carry out the provisions of sections 28–29–04 and 28–29–05."

■ The Folmers contend that the district court erred in holding that these stat-

utes were inapplicable to a foreclosure by advertisement. The court first stated that Section 28–29–04 does not apply to land mortgage foreclosures. We find no such limitation in the statute. Section 28–29–04 is divided into two distinct sentences. The first sentence allows the court to extend the time for serving and filing papers in "any cause" when farm prices are confiscatory. This would clearly include real estate mortgage foreclosures. The second sentence provides that the court may stay the entry of judgment or execution thereon, or defer terms of court or the signing of an order for judgment, whenever such procedures "in any cause" would "confiscate or tend to confiscate the property of any litigant by forcing the sale of agricultural products upon a ruinous market." By its terms, this provision applies to "any cause." We will not speculate about the various factual situations which might arise to make application of this provision appropriate in a particular mortgage foreclosure. The statute's application is not limited to cases dealing specifically with the sale of agricultural products, as the State contends. Rather, it is applicable "in any cause" when the factors enumerated in the statute are present.

1. The Folmers brought their motion to enjoin the foreclosure under the provisions of Section 35–22–04, N.D.C.C., which provides in pertinent part:

"*35–22–04. Foreclosure by advertisement enjoined.—Procedure.* When the mortgagee or his assignee has served notice of intention to foreclose a mortgage, and within the period provided by such notice it shall be made to appear by the affidavit of the mortgagor, or any person claiming under him, or his agent or attorney, to the satisfaction of a judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, which proof must be made by affidavit stating the facts, but not on information and belief, such judge, by an order to that effect, may enjoin the mortgagee or his assignee from foreclosing the mortgage by advertisement and may direct that all further proceedings for the foreclosure thereof be had in the district court having jurisdiction of the subject matter. After the expiration of the period provided by the notice of intention,

The court next held that Section 28–29–05 is applicable only if there is a foreclosure proceeding pending in court. The court further reasoned that the statutory procedure under which the Folmers sought an injunction did not constitute a foreclosure proceeding pending in court, and that they therefore could not invoke the protections afforded in Section 28–29–05.[1] The court indicated, however, that the statute would apply in a foreclosure by action.

A similar argument was rejected in *Scott v. District Court of Fifth Judicial District*, 15 N.D. 259, 107 N.W. 61 (1906). In *Scott*, the Court held that any defense or counterclaim which could be pleaded and proved in an action to foreclose the mortgage would provide a sufficient basis to enjoin a foreclosure by advertisement:

"It is asserted in argument that the 'legal counterclaim or other valid defense,' which may be shown to enjoin the exercise of the power, means a counterclaim or defense against the exercise of the power. The statement of the argument is sufficient to show its absurdity. There cannot, in the nature of things, be such a thing as a counterclaim or defense against the exercise of the power, which

an order enjoining the foreclosure by advertisement shall be made only on motion or order to show cause. Notice of such motion, together with the affidavit used in support thereof, shall be served upon the attorney or agent of the mortgagee or assignee in the same manner as service of other notices of motion, not less than eight days before the hearing thereon. The affidavit in support of the motion shall state the facts upon which the application is made, shall not be on information and belief, and shall disclose a legal counterclaim or other valid defense to the collection of the whole or some part of the amount claimed to be due on the mortgage. Upon the hearing of the motion, the judge may enjoin the foreclosure of the mortgage by advertisement in the same manner as if the application had been made ex parte within the period of the notice of intention to foreclose. . . ."

This statutory injunction procedure has been in effect, in various forms, since 1883. Nearly all of the cases discussing the procedure are over sixty years old, although a passing reference to the statute is made in *Shirley v. State,* 103 N.W.2d 103, 103 (N.D.1960).

is an ex parte, nonjudicial proceeding. Relief against a foreclosure by advertisement must necessarily be obtained by some action or judicial proceeding, in which the party seeking relief is the moving party, and a defense or counterclaim can only be conceived of as something asserted by a defendant to defeat an action or similar judicial proceeding instituted against him by the other party."

*Scott, supra,* 15 N.D. at 263–64, 107 N.W. at 62–63.

In deciding whether to enjoin the foreclosure by advertisement, the court must determine whether or not the mortgagor would have a counterclaim or defense which could be asserted in a subsequent action to foreclose. The court in the instant case indicated that Section 28–29–05 would constitute a defense in an action to foreclose, but held the statute inapplicable because there was no foreclosure proceeding pending before the court. We conclude that any set of facts which could be pleaded as a defense or counterclaim in an action to foreclose may provide the basis for an injunction under Section 35–22–04, and the district court erred in reaching a contrary conclusion.

The State further contends that, even if the court erred in concluding that Sections 28–29–04 and 28–29–05 do not apply to a mortgage foreclosure by advertisement, there is another basis for upholding the court's denial of the injunction. The State contends that the Folmers were not entitled to an injunction because Sections 28–29–04 and 28–29–05 do not constitute a "legal counterclaim or other valid defense to the collection of the whole or some part of the amount claimed to be due on the mortgage," as required by Section 35–22–04. Both parties have cited numerous early cases construing this language. The State argues strenuously that only a defense or counterclaim which would eliminate the debt or reduce the amount due on the mortgage will satisfy the statutory requirement and support an injunction. The Folmers contend that the language is to be liberally construed, so that any set of facts

which would prevent the mortgagee from obtaining the relief sought is a sufficient basis to enjoin the foreclosure by advertisement.

In *Scott, supra,* this Court discussed at length the meaning of the phrase "legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage." The Court, in holding that the statute of limitations was a defense sufficient to enjoin foreclosure by advertisement, stated:

"That statute declares that prima facie proof of 'a legal counterclaim or any other valid defense' shall be ground for injunction. The use of the word 'counterclaim' emphasizes the meaning that the act has reference to something which may defeat recovery on a cause of action; and the more comprehensive words, 'or any other valid defense,' under a familiar rule of construction must be construed in pari materia with what precedes—i.e., any defense, whatever its character, which will have the same effect as a counterclaim to defeat in whole or in part the cause of action or judicial proceeding."

*Scott, supra,* 15 N.D. at 267, 107 N.W. at 63. The Court further stated its broad, liberal construction of the statutory language:

"The statute is a remedial one, and as such should receive a liberal construction, 'with a view to effect its objects and to promote justice,' .... We think the intent of the law was to enable the mortgagor and those claiming under him to prevent any foreclosure under the power of sale *whenever an action to foreclose could not be successfully maintained for any reason.*"

*Scott, supra,* 15 N.D. at 266–67, 107 N.W. at 64 (emphasis added).

We agree that the statute is to be liberally construed to protect the interests of the debtor-mortgagor. The "confiscatory price defense," if pleaded in an action to foreclose the mortgage, could "defeat ... in part the ... judicial proceeding," in that

the court may, in its discretion, temporarily prevent the mortgagee from obtaining the relief sought. We conclude that the "confiscatory price defense" contained in Sections 28–29–04, 28–29–05, and 28–29–06 is a "legal counterclaim or other valid defense" which provides a sufficient basis to enjoin a foreclosure by advertisement pursuant to Section 35–22–04, thereby permitting the matter to be heard as a foreclosure by action.

Foreclosure by advertisement is merely a legal "short cut" which is authorized when there is no purpose to be served by judicial intervention. The procedures for foreclosure by advertisement, including the injunction provisions, allow mortgagees to avoid the delay and expense of a judicial action only when there is nothing to litigate. If the mortgagor alleges any set of facts which, if proved, could prevent the mortgagee from obtaining all of the relief sought, he is entitled to have his cause determined in a formal judicial proceeding.

■ This opinion should not be construed as holding that the "confiscatory price defense" is an absolute defense against foreclosure. These statutes merely give the court the power, in its discretion, to delay foreclosure proceedings during periods of economic hardship. Invocation of this "defense" does not, however, ultimately relieve the mortgagor of his obligations under his contract. In applying the "confiscatory price defense," the court cannot force the mortgagee to accept less than the amount due under the mortgage or declare that the mortgagor is freed from making any further payments.

■ Finally, the State contends that, even if Sections 28–29–04, 28–29–05, and 28–29–06 constitute a defense sufficient to enjoin the foreclosure by advertisement, the issuance of the order is discretionary with the court and may only be overturned on appeal for abuse. Although the cases construing earlier versions of Section 35–22–04 indicate that the court has discretion in determining whether or not to enjoin the foreclosure, we conclude that the court is to exercise its discretion in determining whether or not the affidavit raises a "defense or counterclaim" pursuant to the statute.

The State argues that, even if the affidavit clearly raises a defense or counterclaim, the court, in its discretion, may refuse to grant the injunction. A careful review of the early cases construing the injunction procedure indicates that the court may not refuse to enjoin the foreclosure by advertisement if the affidavit raises a defense or counterclaim. For example, in *Beiseker v. Svendsgaard*, 28 N.D. 366, 149 N.W. 352 (1914), the Court stated that "it was the intention of the Legislature that an injunction *shall be granted* if a defense is set forth in the petition, and that the matters in controversy and the truth of the defense shall be settled and determined upon the trial of an action to foreclose, rather than upon affidavits on an order to show cause." *Beiseker, supra,* 28 N.D. at 369–70, 149 N.W. at 353 (emphasis added). Similarly, in *Scott, supra,* the Court stated: "The statute plainly means that a foreclosure under the power of sale *shall be forever enjoined* by order of the district court, if it appears prima facie from the affidavits submitted that the mortgagor has any defense or counterclaim ...." 15 N.D. at 263, 107 N.W. at 62 (emphasis added).

■ The only thing left for the court's discretion is the determination whether or not the affidavit raises a defense or counterclaim to a foreclosure action. In making this determination, the court must keep in mind that the affidavit does not require specific allegations, but is sufficient if it in any manner apprises the court of a possible defense or counterclaim. Counter-affidavits are not allowed to rebut the mortgagor's allegations concerning the defense or counterclaim. *Beiseker, supra,* 28 N.D. at 370, 149 N.W. at 353; *McCann v. Mortgage, Bank & Investment Co.,* 3 N.D. 172, 180, 54 N.W. 1026, 1030 (1893). The court may not make any determinations regarding the merits of the allegations. *See Beiseker, supra,* 28 N.D. at 369–70, 149 N.W. at 353; *McCann, supra,* 3 N.D. at 180, 54 N.W. at 1030. This Court has stated that

736

there are no technical requirements for the content of the affidavit, and it was contemplated that a layman could prepare the affidavit. *McCann, supra,* 3 N.D. at 180–81, 54 N.W. at 1030. The affidavit need only apprise the court of the defense or counterclaim; the mortgagor "need not plead his evidence." *State ex rel. Security Bank of Knox v. Buttz,* 21 N.D. 540, 541, 131 N.W. 241 (1911). We do not believe that it was the intent of the Legislature to provide for a trial by affidavit; rather, if the affidavit apprises the court of a possible defense or counterclaim, the injunction must be issued and the merits are to be determined upon trial of an action to foreclose.

In the instant case, the court erroneously concluded as a matter of law that the "confiscatory price defense" was not a defense or counterclaim upon which an injunction could be based pursuant to Section 35–22–04, N.D.C.C. Therefore, the court never exercised its discretion by determining whether or not the affidavit raised this defense. However, there is no dispute that the affidavit sets forth in detail facts sufficient to raise a defense under Section 28–29–04, 28–29–05, and 28–29–06, N.D.C.C. Under these circumstances, if the court had exercised its discretion and held that the affidavit did not set forth this defense, it would have abused its discretion. Therefore, there is no reason to remand for the trial court to exercise its discretion. The court erred in refusing to enjoin the foreclosure by advertisement.

If the State desires to foreclose its mortgage, it may proceed by initiating an action to foreclose the mortgage. The State would be required to serve a summons and complaint. The State need not serve another Notice of Intention to Foreclose, with its requisite waiting period, because the Folmers have adequate notice of the State's intent and because the Folmers have been provided an opportunity to cure the default.

At trial of the foreclosure action, the mortgagor will have the burden of establishing a basis for relief under Sections 28–29–04, 28–29–05, and 28–29–06. Evidence should be heard on this issue, as well as on the issue of the foreclosure of the mortgage itself. Because relief under the "confiscatory price defense" would be in the nature of a provisional remedy or injunction, an order granting or denying such relief would be appealable. *See* Section 28–27–02(3), N.D.C.C.

We reverse the order denying the motion to enjoin the foreclosure, and remand for entry of an order granting the injunction. We further direct that the district court is to take appropriate action to vacate the sale to the State.

SAND, VANDE WALLE, JJ., and LECLERC and KERIAN, District Judges, concur.

LECLERC, District Judge, sitting in place of PEDERSON, J., disqualified.

KERIAN, District Judge, sitting in place of GIERKE, J., disqualified.