**FEDERAL LAND BANK OF SAINT PAUL, a body corporate, Plaintiff and Appellee,**

v.

**Eugene J. THOMAS, a/k/a Eugene Thomas and Monica M. Thomas, Defendants and Appellants,**

**United States of America and Scherle Sales, Inc., Defendants.**

**Civ. No. 11034.**

Supreme Court of North Dakota.

April 23, 1986.

As Amended June 4, 1986.

---

Vogel Law Firm, Mandan, for defendants and appellants; argued by Anne E. Summers.

Rausch & Rausch, for plaintiff and appellee; argued by Richard P. Rausch.

GIERKE, Justice.

This is an appeal by Eugene J. and Monica M. Thomas [the Thomases] from the judgment and decree of foreclosure of the district court on lands located in Morton County. The original note and mortgage were given by the Thomases to the Federal Land Bank of Saint Paul [Federal Land Bank] on December 11, 1974, in the amount of $110,000. On May 20, 1985, the unpaid principal and interest on the note and mortgage was $145,398.25. We reverse and remand.

The Thomases operated a dairy farm until November 1984. This farm had been operated by the Thomas family for three generations. Prior to November 1984 the Thomases filed a Chapter 11 Reorganiza-tion Bankruptcy. In the bankruptcy proceedings it was ordered that certain machinery, *i.e.*, a tractor and chopper, be made available for repossession by creditors. Following this repossession and in an attempt to appease creditors and forestall protracted litigation, the Thomases agreed to the sale of the remainder of their farm machinery. The sale of the farm machinery took place by auction on November 3, 1984. Subsequently, the Thomases leased the farm land.

The complaint of March 13, 1985, which commenced the lower court action contained the usual allegations in a foreclosure action. The Thomases' answer affirmatively alleged that entry of a foreclosure judgment "would be a confiscatory and unconscionable taking of property under § 28–29–04 and § 28–29–05 of the North Dakota Century Code". On May 20, 1985, the Federal Land Bank made a motion for summary judgment. In opposition to the motion for summary judgment the Thomases filed a responsive affidavit, pursuant to Rule 56(e), N.D.R.Civ.P., setting out the confiscatory price defense. The Federal Land Bank's brief on the motion for summary judgment dated June 4, 1985, recognized that the Thomases had raised the confiscatory price statutes as a defense. §§ 28–29–04, 28–29–05, 28–29–06, N.D.C.C. The district court granted the summary judgment motion on the ground that no genuine issue of fact had been raised, and made no mention of the confiscatory price statutes as a defense.

A summary judgment motion is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), N.D.R.Civ.P. When considering the motion, the evidence must be viewed in the light most favorable to the party against whom summary judgment is sought. *Dunseith Sand & Gravel Company, Inc. v. Albrecht*, 379 N.W.2d 803 (N.D. 1986). We have found that summary judgment is not properly granted merely because the trial court believes that the mov-

ant will prevail if the action is tried on the merits. *Dunseith, supra.*

The Thomases contend that summary judgment was not properly granted. The basis for this contention is that the confiscatory price statutes had been pleaded, as a valid defense, and, therefore, a trial on the merits was warranted.[1] We agree.

In *Folmer v. State*, 346 N.W.2d 731 (N.D.1984), we found the confiscatory price statutes to be a "legal counterclaim or other valid defense" which gives a court the power, in its discretion, to delay foreclosure proceedings during periods of economic hardship. We reiterated the *Folmer* position in *Heidt v. State*, 372 N.W.2d 857 (N.D.1985).

Our discussions in *Heidt* and *Folmer* were directed at a foreclosure by advertisement. We determined that alleging the confiscatory price statutes as a defense entitles the mortgagor to an injunction as a matter of law. The granting of the injunction then will force the mortgagee to proceed by action at which time the mortgagor will be afforded a full trial on the merits of the defenses to the action. The present case is a foreclosure by action. The Thomases, after asserting a valid defense as set forth by the confiscatory price statutes, are likewise entitled to a full trial on the merits of their defense to the action.

A determination of whether or not a farm emergency exists constitutes the merits of the case and is a question of fact to be determined by the district court. If the court determines that such an emergency exists it would then be for the court to exercise judicial discretion.

We conclude that the summary judgment was not properly granted because there is a genuine issue of fact. The district court's decision is therefore reversed. The case is remanded for a full trial on the merits.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

1.  The Federal Land Bank argues that the Thomases are not "farmers" as they have leased their farm land. The Federal Land Bank alleges that, as the Thomases are not presently "farmers", they may not avail themselves of the defense set forth by the confiscatory price statutes.

    We have stated in *Heidt* that it is not necessary to possess commodities or farm products at the time of the hearing in order to invoke §§ 28–29–04, 28–29–05, and 28–29–06, N.D.C.C., *Heidt v. State*, 372 N.W.2d 857 (N.D.1985). We looked in *Heidt, supra*, to the legislative intent behind the enactment of the confiscatory price statutes and concluded that they were designed to protect the "farmer-landowner". It may be urged that the phrase "farmer-landowner" should be narrowly interpreted to mean a landowner who is personally farming his land. We do not read the *Heidt* decision nor do we construe the statutes to have such a narrow application.

    There would be a great irony in limiting the application of these statutes so that they did not apply to farmers such as the Thomases. We recognize that the object of the Legislature in the enactment of these statutes was to protect farmers during times of economic hardship brought on by the depressed farm economy. *Heidt, supra.*

    The Thomases had farmed the same lands for approximately three generations. The filing of a Chapter 11 Reorganization Bankruptcy placed them in a position where their farm machinery was sold. Since they could no longer work their land, they prudently leased it. There is no doubt but that the rent from the Thomases' land could assist in paying the fast-rising debt on it. Further, they anticipated that not working the land was undesirable, not only financially but agriculturally.

    Substantial application of the rent on the debt, or to related items such as real estate taxes, may be an appropriate condition for consideration for discretionary judicial forbearance under the "confiscatory price defense", if the trial court determines that the current agricultural economic emergency requires its application. *See Lang v. Bank of North Dakota*, 377 N.W.2d 575, 578–580 (N.D.1985).