**FEDERAL LAND BANK OF ST. PAUL, a body corporate, Plaintiff and Appellee,**

v.

**Walter L. BAGGE, aka Walter Bagge and Juanita M. Bagge, aka Juanita Bagge, husband and wife; Defendants and Appellants,**

**Norwest Bank Fargo National Association, formerly First National Bank of Fargo; First National Bank of Crookston; Lease Northwest, Inc.; State of North Dakota Workmen's Compensation Bureau; State Tax Commissioner, State of North Dakota; United States of America; and United States of America Department of the Treasury, Defendants.**

Civ. No. 11195.

Supreme Court of North Dakota.

Oct. 15, 1986.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiff and appellee; argued by David F. Knutson.

James R. Britton, Rolla, for defendants and appellants.

MESCHKE, Justice.

We affirm a summary judgment foreclosing a mortgage against a farm. We also affirm orders denying motions for relief from that judgment.

The Federal Land Bank of Saint Paul sued to foreclose its mortgage on the farm of Walter L. and Juanita M. Bagge. Bagges admitted their default but demanded proof as to the amount due and sought judicial forbearance under the confiscatory-price defense statutes of North Dakota. The Bank presented affidavit proof of the amount due and moved for summary judgment. Issues about the confiscatory-price defense statutes were argued and briefed, but Bagges did not offer proof on those defenses. Summary judgment of foreclosure was entered and notice of entry of the judgment was served on Bagges on October 30, 1984. Bagges did not appeal.

A year later, on October 25, 1985, Bagges moved pro se for relief from the judgment under N.D.R.Civ.P. 60(b). The trial court denied the motion and Bagges, still pro se, appealed from both the summary judgment and the order denying 60(b) relief.

■ Since it was filed more than 60 days after notice of entry of the summary judgment, Bagges' appeal from the summary judgment is too late. Rule 4(a), N.D.R. App.P. At oral argument, counsel appeared for Bagges and urged that the time for appeal be extended by this court under the "confiscatory-price" provisions of N.D. C.C. § 28–29–04, which permits the extension of time for serving and filing "all papers requisite and necessary for the final determination of any cause" during an agricultural economic crisis. But, this very belated effort to invoke judicial forbearance is no more worthy to outweigh the important policies favoring finality of a judgment than in *Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985), where we denied such a request. Therefore, we limit our review to Bagges' appeal from the order denying their 60(b) motion.

Bagges claim several issues justify relief from the summary judgment of foreclosure under subdivisions (ii) ("newly discovered evidence"), (iii) ("fraud"), (iv) ("void judgment), and (vi) ("other reason justifying

relief") of Rule 60(b). They summarize those issues this way:

"I. A party may assert a factual defense of 'confiscatory price', N.D.C.C. 28–29 as a matter of law.

"II. The Federal Land Bank of St. Paul has perpetrated a fraud upon the courts by assuming North Dakota jurisdiction. Further, law defenses do apply for possible offsets, recoupments or viodance [sic].

"III. Denial of the Motion to Set Aside the Summary Judgment pursuant to Rule 60, N.D.R.Civ.P. is inappropriate where issues concerning intrinsic fraud, violation of state statutes and issues of material fact exist."

■ Relying on our recent decision in *Federal Land Bank of Saint Paul v. Thomas*, 386 N.W.2d 29 (N.D.1986), Bagges claim that the trial court should have denied summary judgment to allow development of their confiscatory-price defenses. But, Bagges did not offer an affidavit of facts or other proof to support those defenses prior to the summary judgment as the Thomases did. See *Thomas*, 386 N.W.2d at 30. In any event, as in *First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986), if Bagges objected to the summary judgment, they should have timely appealed from that judgment instead of waiting nearly a year and using a 60(b) motion as a substitute for an appeal.

■ Nor did Bagges offer sufficient proof with their 60(b) motion to support confiscatory-price defenses. Their 60(b) affidavit merely asserted "that the value of land and personal property has decreased substantially due to the economic condition of our nation." Thus, confiscatory-price defenses were not adequately presented by their 60(b) motion. See *Federal Land Bank of Saint Paul v. Halverson*, 392 N.W.2d 77 (N.D.1986).

■ Bagges argue that "newly discovered evidence" about the failure of the Bank to register as a foreign corporation in North Dakota demonstrates it committed "fraud upon the courts by assuming North Dakota jurisdiction." While it is questionable whether this circumstance qualifies as "newly discovered evidence" which will justify a new trial, see *Keyes v. Amundson*, 391 N.W.2d 602 (N.D.1986), our recent decision in *Federal Land Bank of Saint Paul v. Gefroh*, 390 N.W.2d 46, 47 (N.D. 1986) (Federal Land Bank of Saint Paul is not a "foreign corporation" required to be registered under chapter 10–22, N.D.C.C.), makes clear that lack of registration cannot be "fraud upon the courts" and does not make this foreclosure procedurally defective. We do not see anything which makes the judgment void under Rule 60(b)(iv).

■ Granting or denying a motion under Rule 60(b) (other than under subdivision (iv)) is within the discretion of the trial court. *First National Bank of Crosby v. Bjorgen, supra.* In *Bjorgen*, we surveyed the factors to evaluate whether the trial court abused its discretion in denying a 60(b) motion:

"An abuse of discretion by the trial court is never assumed and must be affirmatively established.... An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.... A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment.... The moving party must also show more than that the lower court made a 'poor' decision, but that it positively abused the discretion it has in administering the rule.... We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion." (Citations omitted.) 389 N.W.2d at 794–795.

Bagges have not demonstrated an abuse of discretion by the trial court in denying 60(b) relief for any other reason presented in their motion.[1]

Accordingly, we affirm.

---

1. Bagges also appealed from an order entered on February 27, 1986, denying their "Motion to

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

Set Aside Sheriff's Deed." This motion did not identify either a rule or a legal theory relied upon. The trial court did not abuse its discre- tion in treating this motion as another for relief from the judgment under Rule 60(b) and in denying it as repetitious.