The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a corporation, **Plaintiff and Appellee,**

v.

**BUTTS FARMING ASSOCIATION**, a North Dakota corporation, **Defendant and Appellant,**

and

Loretta Butts, individually; Richard Butts, individually; Alan Butts, individually, Alan Butts as the Personal Representative of the Estate of Lloyd Butts, deceased; United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, New Rockford, North Dakota; Adobe Oil and Gas Corporation, consolidated into Adobe Resources; First National Bank of Jamestown, now known as Norwest Bank Jamestown; Dover Oil, Inc.; Patrick J. McDonough; Cyrus Copenhaver, and Evelyn Copenhaver, Norman Jessen and Associates, Inc.; Edward J. Meyer; Pan-Canadian Petroleum Company; Sun Oil Company; and Arkla Exploration Company, Defendants.

**Civ. No. 11396.**

Supreme Court of North Dakota.

May 28, 1987.

Serkland, Lundberg, Erickson, Marcil & McLean, Fargo, for plaintiff and appellee; argued by Paul F. Richard.

Rosenberg & Espeseth, Bismarck, for defendant and appellant; argued by Ross H. Espeseth.

LEVINE, Justice.

Butts Farming Association (BFA) appeals from a summary judgment granting the Prudential Insurance Company of America (Prudential) foreclosure of a mortgage on real estate owned by BFA. We reverse and remand.

During March 1977 BFA borrowed $1.5 million from Prudential for which it signed a promissory note secured by a real property mortgage on approximately 3,194 acres of farmland. During March 1983 BFA

filed for reorganization under Chapter 11 of the Bankruptcy Code. The bankruptcy court determined that BFA's outstanding indebtedness with Prudential exceeded the fair market value of the real estate securing that debt. BFA does not dispute that determination by the bankruptcy court nor that the outstanding indebtedness continues to exceed the fair market value of the property at this time. The bankruptcy proceedings were dismissed in January 1986.

Thereafter, Prudential filed this action to foreclose its mortgage. BFA filed an answer in which it raised the confiscatory price defense provisions under Chapter 28–29, N.D.C.C., alleging that the prices of farm products are confiscatory and requesting appropriate relief from the court. Prudential then filed a motion for summary judgment. In its brief in support of the motion, Prudential asserted that the confiscatory price defenses under Chapter 28–29, N.D.C.C., were not applicable to this case. The trial court agreed with Prudential that, as a matter of law, the confiscatory price defenses are not applicable to this case, and the court granted Prudential's motion for summary judgment foreclosing the real estate mortgage.

On appeal BFA asserts that the trial court erred in concluding that Section 28–29–04, N.D.C.C., is not applicable and in refusing to allow BFA to present the merits of its confiscatory price defense under that section.[1] Section 28–29–04, N.D.C.C., provides:

"*28–29–04. Power of courts when prices are confiscatory.*— Until the price of farm products produced in this state shall rise to a point to equal at least the cost of production, in comparison with the price of other commodities in general, entering into the business of agriculture, the supreme court of this state and all district and county courts in this state shall have power, when it is deemed for the best interests of litigants, to extend the time for serving and filing all papers

1. BFA has not raised as an issue on appeal the trial court's determination that Section 28–29– 05, N.D.C.C., is inapplicable in this case.

requisite and necessary for the final determination of any cause. Any such court, in like manner, may stay the entry of judgment or the issuance of execution thereon, or may defer the signing of any order for judgment, or may defer terms of court, whenever in the judgment of the court the strictly legal procedure in any cause will confiscate or tend to confiscate the property of any litigant by forcing the sale of agricultural products upon a ruinous market."

In granting the summary judgment foreclosure, the trial court concluded that, as a matter of law, the foregoing section was inapplicable because BFA's outstanding indebtedness to Prudential exceeds the fair market value of the mortgaged real estate. The trial court concluded that BFA no longer has "an interest in the collateral" and therefore cannot seek the protection afforded under Section 28–29–04, N.D.C.C. We assume that the trial court, in concluding that BFA does not have an interest in the collateral, meant that BFA does not have a current equity interest in the property, because it is undisputed that BFA currently retains title to the property, subject to the mortgage, and thereby possesses an ownership interest in the property. We believe the trial court erred in concluding that when the outstanding indebtedness exceeds the market value of the mortgaged property, the defenses afforded to the mortgagor under the provisions of Section 28–29–04, N.D.C.C., are, as a matter of law, inapplicable.

■ In *Folmer v. State*, 346 N.W.2d 731 (N.D.1984), we held that the defense provided under Section 28–29–04, N.D.C.C., is applicable to land mortgage foreclosures. That the outstanding indebtedness exceeds the value of the mortgaged collateral is a relevant factor and may be extremely important in the trial court's discretionary determination to grant or deny the mortgagor's request for relief under Section 28–29–04, N.D.C.C. Standing alone, however, that factor should not be used as the basis for denying the mortgagor an opportunity to demonstrate a factual basis for relief under Section 28–29–04, N.D.C.C.

Because the trial court improperly granted summary judgment foreclosure on the ground that, as a matter of law, Section 28–29–04, N.D.C.C., is not applicable to this case, we reverse and remand.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.